UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEREMY R. MORRIS, KRISTYMORRIS,<br><br>Plaintiff,<br><br>v.<br><br>WEST HAYDEN ESTATES FIRSTADDITION HOMEOWNERS ASSOCIATION, INC., an Idaho corporation,<br><br>Defendant. | Case No. 2:17-cv-00018-BLW<br><br>**AMENDED CASE MANAGEMENT ORDER (Standard)** |

Due to the reassignment of this case,

**NOW THEREFORE IT IS HEREBY ORDERED** that the previous Case Management Order (Dkt. 14) is **HEREBY VACATED** and the following recitation of deadlines and procedures shall govern this litigation:[1]

1. Dispositive Motion Deadline: All dispositive motions, including motions for

[1] This amended CMO incorporates the previously agreed-upon deadlines but reflects the unique policies and practices of Judge Winmill.

punitive damages, must be filed by **December 15, 2017**.[2]

2. Amendment of Pleadings and Joinder of Parties: Motions to amend pleadings and join parties, except for allegations of punitive damages, must be filed on or before **June 12, 2017**. This deadline will only be extended for good cause shown.[3]

3. Alternative Dispute Resolution: The parties agreed that mediation or another form of ADR would be effective in this matter. If the parties need assistance with the selection of a mediator, they may contact Keith Bryan, the Court's ADR Coordinator, at (208) 334-9067.

4. Discovery Plan: All discovery must be in accordance with the Federal Rules of Civil Procedure, the Local Rules for the District of Idaho, and the parties' joint discovery plan (Dkt. 13) which is incorporated herein by reference.

5. Completion of Fact Discovery: All fact discovery must be completed by **November 17, 2017**. This is a deadline for the completion of all fact discovery; it is not a deadline for discovery requests. Discovery requests must be made far

[2] It is this Court's policy to accept only one (1) motion to dismiss and one summary judgment motion per party. If it appears, due to the complexity or numerosity of issues presented, that counsel is unable to address all issues within the twenty-page (20) limit for briefs, Dist. Idaho Loc. R. 7.1(b)(1), then it is appropriate to file a motion for permission to file an overlength brief, rather than filing separate motions for each issue. The Court prefers reviewing one over-length brief in support, one over-length brief in response, and one 10-page reply brief, if any, rather than the panoply of briefs that are generated when multiple motions are filed.

[3] The Ninth Circuit has held that motions to amend filed after the Scheduling Order deadline are governed, not by the liberal provisions of Fed. R. Civ. P. 15(a), but instead, by the more restrictive provisions of Fed. R. Civ. P. 16(b) requiring a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

enough in advance of this deadline to allow completion of the discovery by the deadline date.

6. Disclosure of Experts:

   a. The **Plaintiff** must disclose the experts intended to be called at trial on or before **August 21, 2017**.

   b. The **Defendant** must disclose the experts intended to be called at trial on or before **September 21, 2017**.

   c. **Plaintiff's** rebuttal experts must be identified on or before **October 5, 2017**.

   d. **ALL** discovery relevant to experts must be completed by: **October 20, 2017**.

7. Scheduling of Trial and Pretrial Conference. Plaintiff's counsel must contact courtroom deputy **Jamie Bracke**, **(208) 334-9021,** within one week following the entry of a decision on all pending dispositive motions to make arrangements for a telephonic trial setting conference with the Court to set pre-trial and trial deadlines. If no dispositive motion is filed, Plaintiff's counsel must immediately contact the courtroom deputy within one week of the dispositive motion filing deadline to set a telephonic trial setting conference.

8. Law Clerk: The law clerk assigned to this case is **Sarah Stellberg**, and may be reached at **(208) 334-9363**.

9. Discovery Disputes:

a. The I will **not** refer this case to a magistrate judge for resolution of discovery disputes and non-dispositive motions. I will keep these motions on my own docket.

b. The parties will strictly comply with the meet and confer requirements of Local Rule 37.1 prior to filing any discovery motions.

c. In addition, I will not entertain any written discovery motions until the Court has been provided with an opportunity to informally mediate the parties' dispute. To facilitate that mediation, the attorneys will first contact Sarah Stellberg, the law clerk assigned to this case, and shall provide her with a brief written summary of the dispute and the parties' respective positions. Ms. Stellberg may be able to offer suggestions that will resolve the dispute without the need of my involvement. If necessary, an off-the-record telephonic conference with me will then be scheduled as soon as possible. I will seek to resolve the dispute during that conference and may enter appropriate orders on the basis of the conference. I will only authorize the filing of a discovery motion and written briefing if we are unable to resolve the dispute during the conference.

d. Prior to filing any discovery motions, counsel must certify, not only that they have complied with Local Rule 37.1, but that they have complied with the foregoing procedures.

10. The Court will conduct periodic **telephonic status conferences** with the parties. The Court will set those status conferences in a separate notice.

11. Calendaring Clerk: Scheduling matters and calendar issues may be directed to **Jamie Bracke**, who may be reached at (208) 334-9021.

12. Docketing Clerk: If you have a docketing question, please contact a docket clerk at (208) 334-1361.

DATED: May 11, 2017

B. Lynn Winmill
Chief Judge
United States District Court