Brindee Collins
**VIAL  FOTHERINGHAM LLP**
6126 W State St., Suite 312
Boise,  Idaho 83703
Fax: (208)392-1400
Phone: (208)629-4567
ISB # 9216

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MR. JEREMY R. MORRIS<br>MRS. KRISTY MORRIS<br><br>    Plaintiffs/Counter-Defendant,<br><br>v.<br><br>WEST HAYDEN ESTATES FIRST<br>ADDITION HOMEOWNERS<br>ASSOCIATION, INC., an Idaho<br>Corporation<br><br>    Defendant/Counter-Claimant. | ANSWER AND<br>COUNTERCLAIM<br><br>Civil No. 2:17-CV-00018-REB |

ANSWER AND COUNTER CLAIM

COMES NOW the Defendant, West Hayden Estates First Addition Homeowners Association, Inc., by and through their attorneys of record, Vial Fotheringham LLP, and in response to Plaintiffs Original Complaint and Request for Relief, admits, denies, and alleges as follows:

## PRELIMINARY STATEMENT

1. In response to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Defendant admits that this suit has been filed under the cited provisions of federal law. Pursuant to this Court's August 24, 2017 Order, Plaintiffs' Idaho State law claims have been dismissed. All other allegations in Paragraph 1 are denied.

2. In response to the allegations contained in Paragraph 2 of Plaintiffs' Complaint, Defendant asserts that Paragraph 2 is not in conformance with Rule 10(b) of the Federal Rules of Civil Procedure, and such non-conformance does not allow Defendant to simply and adequately respond to the allegations contained therein. To the extent required, Defendant incorporates the responses to other allegations contained herein, and otherwise, denies.

3. In response to the allegations contained in Paragraph 3 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

4. In response to the allegations contained in Paragraph 4 of Plaintiffs' Complaint, Defendant admits that Plaintiffs have requested a jury trial on the matters to which this lawsuit pertains. To the extent Paragraph 4 contains any other allegations, Defendant denies.

## JURISDICTION AND VENUE

5. In response to the allegations contained in Paragraph 5-6 of Plaintiffs' Complaint, Defendant admits the allegations therein.

## THE PARTIES

6. In response to the allegations contained in Paragraph 7 of Plaintiffs' Complaint, Defendant admits that Plaintiffs have resided in Kootenai County and denies all other allegations.

7. In response to the allegations contained in Paragraph 8 of Plaintiffs' Complaint, Defendant admits that it is the incorporated homeowners association vested with responsibility for the West Hayden Estates subdivision, and denies all other allegations therein.

## THE PARTIES

8. In response to the allegations contained in Paragraph 9 of Plaintiffs' Complaint, Defendant asserts that it lacks sufficient knowledge to respond to such allegations, and on that basis, denies same.

9. In response to the allegations contained in Paragraph 10 of Plaintiffs' Complaint, Defendant asserts that it lacks sufficient knowledge to respond to such allegations, and on that basis, denies same.

10. In response to the allegations contained in Paragraph 11 of Plaintiffs' Complaint, Defendant asserts that it lacks sufficient knowledge to respond to such allegations, and on that basis, denies same.

11. In response to the allegations contained in Paragraph 12 of Plaintiffs' Complaint, Defendant asserts that it lacks sufficient knowledge to respond to such

allegations, and on that basis, denies same.

12. In response to the allegations contained in Paragraph 13 of Plaintiffs' Complaint, Defendant admits that the conversation occurred, and that options for mitigation were discussed. Defendant denies Mr. Morris' legal interpretations of the Declaration, and has no knowledge as to his intentions or plans at the time, and for that reason, denies all other allegations.

13. In response to the allegations contained in Paragraph 14 of Plaintiffs' Complaint, Defendant that the Board agreed to have Mr. Morris attend a board meeting in person, but that he was unable to attend the meeting, and wanted to call in to the meeting instead. The Board chose not to pursue this route and communicate in writing instead. All other allegations contained in this Paragraph are denied.

14. In response to the allegations contained in Paragraph 15 of Plaintiffs' Complaint, Defendant admits that Mr. Morris did not participate in the meeting by phone, and denies all other allegations contained therein.

15. In response to the allegations contained in Paragraph 16 of Plaintiffs' Complaint, Defendant admits that Plaintiffs expressed their intention to proceed with the purchase of their home. The remaining allegations call for a legal conclusion for which no answer is required. To the extent an answer is required, Defendant denies the same.

16. In response to the allegations contained in Paragraph 17 of Plaintiffs' Complaint, Defendant admits that the letter was sent to Plaintiffs, that the letter attached to the Complaint appears to be a true and correct copy of the letter sent to Plaintiff, and asserts that the letter speaks for itself. All other allegations are denied.

17. In response to the allegations contained in Paragraph 18 of Plaintiffs' Complaint, Defendant admits that Mr. Morris and Mrs. Scott had the referenced conversation, but denies the allegations of discrimination or admission thereto. Defendant asserts that it lacks sufficient knowledge to respond to the remaining allegations, and on that basis, denies same.

18. In response to the allegations contained in Paragraph 19 of Plaintiffs' Complaint, Defendant admits that the conversation occurred, and that references to various forms of the letter may have been made. All other allegations contained therein are denied.

19. In response to the allegations contained in Paragraph 20 of Plaintiffs' Complaint, Defendant asserts that it lacks sufficient knowledge to respond to such allegations, and on that basis, denies same.

20. In response to the allegations contained in Paragraph 21 of Plaintiffs' Complaint, Defendant asserts that it lacks sufficient knowledge to respond to such allegations, and on that basis, denies same.

21. In response to the allegations contained in Paragraph 22 of Plaintiffs' Complaint, Defendant admits that the letter was sent to Plaintiffs, that the letter attached to the Complaint appears to be a true and correct copy of the letter sent to Plaintiff, and asserts that the letter speaks for itself. All other allegations are denied.

22. In response to the allegations contained in Paragraph 23 of Plaintiffs' Complaint, Defendant admits that the from Plaintiffs was sent to Defendant, that the letter attached to the Complaint appears to be a true and correct copy of the letter sent by Plaintiff, and asserts that the letter speaks for itself. Defendant lack sufficient knowledge

to respond to any other allegations, and on that basis, all other allegations are denied.

23. In response to the allegations contained in Paragraph 24 of Plaintiffs' Complaint, Defendant admits in part and denies in part. Defendant admits that the meeting was held and that Plaintiffs were not in attendance. As to all other allegations, Defendant lack sufficient knowledge to respond to any other allegations, and on that basis, denies same.

24. In response to the allegations contained in Paragraph 25 of Plaintiffs' Complaint, Defendant asserts that it lacks sufficient knowledge to respond to such allegations, and on that basis, denies same.

25. In response to the allegations contained in Paragraph 26 of Plaintiffs' Complaint, Defendant admits that the letter was sent to Plaintiffs, that the letter attached to the Complaint appears to be a true and correct copy of the letter sent to Plaintiff, and asserts that the letter speaks for itself. All other allegations are denied.

26. In response to the allegations contained in Paragraph 27 of Plaintiffs' Complaint, Defendant asserts that it lacks sufficient knowledge to respond to such allegations, that the allegations call for a legal conclusion to which no response is required, and on those bases, denies the allegations contained therein.

27. In response to the allegations contained in Paragraph 28 of Plaintiffs' Complaint, Defendant admits in part and denies in part. Defendant admits that Plaintiffs did contact media outlets, but lacks sufficient knowledge to respond to the remainder of the allegations, and on that basis, denies the allegations contained therein. Defendant denies that it made representations to media outlets regarding its enforcement actions.

28. In response to the allegations contained in Paragraph 29 of Plaintiffs' Complaint, Defendant admits in part and denies in part. Defendant admits that Plaintiffs held the Christmas fundraiser in 2015, and denies all other allegations contained therein.

29. In response to the allegations contained in Paragraph 30 of Plaintiffs' Complaint, Defendant asserts that it lacks sufficient knowledge to respond to such allegations, and on that basis, denies same.

30. In response to the allegations contained in Paragraph 31 of Plaintiffs' Complaint, Defendant admits that the letter was sent to all members of the Association, that the letter attached to the Complaint appears to be a true and correct copy of the letter, and asserts that the letter speaks for itself. All other allegations are denied.

31. In response to the allegations contained in Paragraph 32 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

32. In response to the allegations contained in Paragraph 33 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

33. In response to the allegations contained in Paragraph 34 of Plaintiffs' Complaint, Defendant admits in part and denies in part. Defendant admits that Plaintiffs hosted their Christmas fundraiser in 2016. Defendant asserts that it lacks sufficient knowledge to respond to the remainder of the allegations contained therein, and on that basis, denies same.

34. In response to the allegations contained in Paragraph 35 of Plaintiffs' Complaint, Defendant denies that any alleged actions against Plaintiffs were sanctioned by the Association, and asserts that it lacks sufficient knowledge to respond to the remainder of

the allegations, and on that basis, denies same.

35. In response to the allegations contained in Paragraph 36 of Plaintiffs' Complaint, Defendant asserts that it lacks sufficient knowledge to respond to the allegations contained therein, and on that basis, denies same.

36. In response to the allegations contained in Paragraph 37 of Plaintiffs' Complaint, Defendant denies that violations of the governing documents are ignored when enforcement action is necessary and appropriate, and asserts that it lacks sufficient knowledge to respond to the remainder of the allegations, and on that basis, denies same.

## FIRST CAUSE OF ACTION

37. Defendant restates and incorporates by reference each of the preceding paragraphs.

38. In response to the allegations contained in Paragraph 39 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

39. In response to the allegations contained in Paragraph 40 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

40. In response to the allegations contained in Paragraph 41 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

41. In response to the allegations contained in Paragraph 42 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

## SECOND CAUSE OF ACTION

42. Pursuant to this Court's August 24, 2017 Order, Plaintiffs' Idaho State law claims under Idaho Code §67-5909 have been dismissed. Accordingly, no response is

required to Paragraphs 43-45 of Plaintiffs' Complaint. To the extent a response may be necessary, the allegations contained therein are denied.

### THIRD CAUSE OF ACTION

43. Defendant restates and incorporates by reference each of the preceding paragraphs.

44. In response to the allegations contained in Paragraph 47 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

### AFFIRMATIVE DEFENSES

The following defenses are not stated separately as to each claim of relief or allegation of Plaintiffs. Nevertheless, the following defenses are applicable, where appropriate, to any and all of Plaintiffs' claims for relief.

### First Defense

Plaintiffs' Complaint and each purported cause of action alleged therein fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Idaho Rules of Civil Procedure.

### Second Defense

The Association, at all times, has acted reasonably and in good faith in the discharge of its duties and responsibilities under the Declaration and other governing documents of the Association. The Association has treated all owners equally in the enforcement of the Declaration and other governing documents.

### Third Defense

Defendants allege that Plaintiffs' claims are barred by the Doctrine of Unclean Hands.

### Fourth Defense

Plaintiffs have, and continue to have, the ability and opportunity to mitigate the damages alleged with respect to the subject matter of this action, and may have failed to mitigate said damages, if any were in fact incurred.

### Fifth Defense

Other third persons, not in the Association's control, may have been guilty of negligent and careless misconduct at the time of and in connection with the matters and damages alleged, which misconduct on their part may have proximately caused and/or contributed to said events and Plaintiffs' damages, if any.

### Sixth Defense

Plaintiffs' damages, if any, may have been proximately caused by the superseding, intervening negligence, and omissions or actions, of other third persons, and any negligence or breach of duty on the part of the Association, if any, was not a proximate cause of the a1leged loss to Plaintiffs. In asserting this defense, the Association does not admit to any negligence or blameworthy conduct.

### Seventh Defense

Plaintiffs' claims for relief may be biased, based upon the individual and collective legal principals of latches, estoppels, and/or waiver.

### Eight Defense

The Association reserves the right to assert any additional affim1ative defenses and matters in avoidance that may be disclosed in the course of additional investigation and

ANSWER AND COUNTER CLAIM

discovery.

## COUNTERCLAIM

COMES NOW, Defendant/Counter-Claimant West Hayden Estates First Addition Homeowners Association, Inc., by and through its attorneys of record, Vial Fotheringham LLP, and for the causes of action set forth herein, alleges against Plaintiffs/Counter-Defendants Jeremy and Kristy Morris as follows:

1. At all material times herein, Defendant/Counterclaimant West Hayden Estates First Addition Homeowners Association, Inc ("Association") was and is an incorporated association of lot owners in the West Hayden Estates Subdivision, organized under the laws of the State of Idaho to administer and enforce the protective covenants, conditions and restrictions and other governing documents for the West Hayden Estates Subdivision.

2. The Association was established and is governed by the "Declaration Establishing Covenants, Conditions, Restrictions and Easements for West Hayden Estates First Addition," recorded as Document 1618487, in the Recorder's Office of Kootenai County, Idaho ("Declaration"). The Declaration, any amendments, as well as any adopted articles of incorporation, bylaws, and/or resolutions of the Board of Directors are collectively referenced to herein as the Association's "Governing Documents." A copy of the Declaration is attached hereto as Exhibit "A."

3. At all material times herein, Plaintiffs/Counter-Defendants were the owners or reputed record owners of the fee simple title in and to the real property in Kootenai County, State of Idaho, commonly known as 13111 N. Ferndale Dr., Hayden,

ANSWER AND COUNTER CLAIM

ID (the "Property").

4. Pursuant to the Association's Governing Documents, each owner, by virtue of ownership of a lot within the subdivision, has covenanted and agreed to abide by certain protective covenants, conditions and restrictions on ownership, as outlined in the Declaration and Governing Documents. These covenants, conditions and restrictions run with the land and are an equitable servitude upon each owner.

5. Plaintiffs/Counter-Defendants purchased their home subject to the terms and restrictions of the Declaration and other Governing Documents.

6. Plaintiffs/Counter-Defendants notified the Association prior to their purchase that they intended to operate an annual Christmas fundraiser program on their property, and have done so each year since their purchase.

7. Mr. Jeremy Morris has indicated an intention to make the fundraiser larger each year, with higher attendance, more lights and displays, more commercial buses, and more attractions.

8. By Mr. Morris' own estimates, the 2015 Christmas fundraising program was attended by 6,000-10,000 people and earned in excess of $6,000.

**FIRST CAUSE OF ACTION**

(Injunctive Relief for Breach of Declaration)

9. The Association hereby incorporates by reference all previous paragraphs and further alleges:

10. The Christmas fundraiser put on by Plaintiffs/Counter-Defendants, while it is in operation each year, is a violation of a number of provisions of the

ANSWER AND COUNTER CLAIM

Declaration, as demonstrated by representative photos attached hereto as Exhibit "B."

11. Additionally, Plaintiffs/Counter-Defendants' property remains in violation of the Declaration throughout the year, as elements of the fundraiser, are left in place on the property. Specifically, this includes strings of holiday lights stapled to the siding and roof of the Plaintiffs/Counter-Defendants' home.

12. Plaintiffs/Counter-Defendants advertise the Christmas fundraising program as including over 200,000 Christmas lights, caroling by candlelight, appearances by Christmas characters, a live nativity scene with a live camel, photographs with Santa Claus, appearances by a children's choir, the availability of patio heaters and portable restroom facilities, and raffles for prizes, amongst other things. A copy of the flyer for the program, put out in 2016 by Plaintiffs/Counter-Defendants, is attached hereto as Exhibit "C."

13. Pursuant to the Declaration, Article V, Section 5.1.3 "Exterior Appearance," all owners must obtain prior written consent of the Board to "decorate the exterior of any building, screens, doors, awnings or other portions of any lot visible from a neighboring lot".

14. Plaintiffs/Counter-Defendants failed to obtain prior written consent before decorating the exterior of their home and their lot to the extent it was visible from a neighboring lot, and thus violated Section 5.1.3 of the Declaration.

15. Pursuant to the Declaration, Article V, Section 5.4.1 "Business Use and Certain Vehicles Prohibited", no home within the subdivision "shall be used for any purpose other than single-family residential purposes" and no "non-residential uses shall

be conducted on any Lot."

16. Plaintiffs/Counter-Defendants have used, and intend to continue to use, their home for a Christmas fundraising program with a commercial purpose and effect, inviting the public to attend, having commercial buses deliver visitors to the property for the event, and exceeding the limits of what a reasonable person could consider "single-family residential purposes," and are therefore violating Section 5.4.1 of the Declaration.

17. Pursuant to the Declaration, Article V, Section 5.4.2, "Nuisances," "No noise or other nuisance shall be permitted to exist or operate upon any portion of the Property so as to be offensive or detrimental to the Property or to its occupants or to other property in the vicinity or to its occupants.  This includes a prohibition against any activity which would in any way interfere with the quiet enjoyment of any Owner, or increase any insurance policy to be canceled or non-renewed..."

18. Section 5.4.2 of the Declaration further states that "Without limiting the generality of any of the foregoing provisions, no exterior speakers, horns, whistles, bells or other sound devices (other than security devices used exclusively for security purposes which have been approved by the Committee), flashing lights or search lights, shall be located, used or place on the Property without the prior written approval of the Committee."

19. Plaintiffs/Counter-Defendants' holiday fundraising program includes noise such as caroling, concerts, and other musical events, causes a significant increase in traffic in the subdivision, incorporates excessive lighting and visual interference, and is, in itself, a nuisance condition by virtue of its operation, in violation of Section 5.4.2 of the

ANSWER AND COUNTER CLAIM

Declaration.

20. The Declaration, at Article V, Section 5.4.3, "Signs," states that "No sign of any kind shall be displayed to the public view without prior written Committee approval," with limited, inapplicable exceptions.

21. Plaintiffs/Counter-Defendants advertise their Christmas fundraising program using signage, and incorporate signage into the display during its operation, without the approval of the Board, and in fact, no such approval has ever been requested.

22. Pursuant to the Declaration, Article V, Section 5.4.7, "Exterior Maintenance; Owner's Obligations," each Lot and associated Improvements must "kept in good condition and repair" and must not create a "dangerous, unsafe, unsightly or unattractive condition." Further, Section 5.4.11 of the Declaration prohibits the creation or maintenance of "unsightly articles."

23. The Property is maintained in an unsightly and unattractive condition due to the Plaintiffs/Counter-Defendants' failure to remove the holiday lights from their home throughout the year, and their failure to remove and properly store other articles and equipment associated with the Christmas fundraising program.

24. The Declaration, at Article V, Section 5.4.9, "No Hazardous Activities," states that "No activities shall be conducted on the Property, and no Improvements constructed on any property which are or might be unsafe or hazardous to any person or property."

25. Plaintiffs/Counter-Defendants' Christmas fundraising program attracts large groups of people to a small location, at night, on streets with limited access. Increases in

ANSWER AND COUNTER CLAIM

traffic, both pedestrian and vehicular, limit emergency access for the community and create an unsafe or hazardous condition. Additionally, Plaintiffs/Counter-Defendants have non-ordinary household animals at the event, that might be unsafe or hazardous to those to attend the event or live in proximity to the property. These conditions constitute a violation of Section 5.4.9 of the Declaration.

26. Pursuant to the Declaration, Article V, Section 5.4.11, "Unsightly Articles", "no equipment, heat pumps, compressors, containers, lumber, firewood, grass, shrub or tree clippings, plant waste, metals, bulk material, scrap, refuse or trash shall be kept, stored or allowed to accumulate on any Lot except within an enclosed structure or as appropriately screened from view."

27. Plaintiffs/Counter-Defendants store and operate various forms of equipment on their lot for their Christmas fundraising program over the course of multiple days without being in an enclosed structure or screened from view, and in doing so, violate the terms of Section 5.4.11 of the Declaration.

28. Pursuant to the Declaration, Article V, Section 5.4.15, "Lighting shall be restrained in design, and excessive brightness shall be avoided."

29. Plaintiffs/Counter-Defendants' Christmas fundraising program, by their own advertisement, includes over 200,000 Christmas lights, which are strung up and down the sides of the home, on the roof of the home, and throughout the yard and landscaping, which creates an extremely and excessively bright light, at night, during the operation of the program. The lighting is not restrained in design and is excessive, and is therefore a violation of Section 5.4.15 of the Declaration.

ANSWER AND COUNTER CLAIM

30.     Pursuant to the Declaration, Article V, Section 5.5.2, "Animals," "No reptiles, livestock, poultry, or birds of any kind shall be raised, bred or kept on any lot, or any portion of this property:  except that no more than two (2) usual and ordinary household pets such as dogs, cats, or birds may be kept…"

31.     Plaintiffs/Counter-Defendants keep a camel in the yard of their property during the Christmas fundraising program, and incorporate the animal into the display and activities associated with the program. As a camel is not a "usual and ordinary household pet," and the keeping of such animals on the property is a violation of Section 5.5.2 of the Declaration.

32.     The Declaration gives the Association the authority and duty to enforce compliance with the provisions of the Declaration and other Governing Documents of the Association.

33.     The Association has notified Plaintiffs/Counter-Defendants that their actions are in violation of the terms of the Declaration, and no corrective actions or attempt to comply have been taken on their part. Defendants remain in violation of the Declaration, and have indicated every intention of continuing with their prohibited Christmas fundraising program.

34.     Pursuant to the Declaration, the Association seeks equitable relief from this Court, in the form of an injunction and order declaring Plaintiffs/Counter-Defendants' actions to be a violation of the Declaration, and requiring Plaintiffs/Counter-Defendants to immediately comply with the Declaration by ceasing and terminating all plans to continue with the Christmas fundraising program and requiring the removal of all holiday lights,

equipment, and other articles associated with the Christmas fundraising program from the property. The Association also requests that the court grant an order permitting the Association or its agent or contractor to enter the Property to bring it into compliance if Plaintiffs/Counter-Defendants fail to comply within ten (10) days of the court order, along with an order for civil standby of the Kootenai County Sheriff's department to assist the Association in bringing the Property into compliance.

35.     Pursuant to the Declaration and Rule 54 of the Idaho Rules of Civil Procedure, the Association is contractually entitled to recover its reasonable attorneys' fees and necessary costs and expenses in any suit or action brought by the Association to enforce the provisions of the Declaration and bring violating properties into compliance. The Declaration, at Article VIII, Section 8.1, states that in the event the Association must take action to enforce the specific provisions of the Declaration, "each Owner agrees to pay reasonable attorney's fees in addition to any other relief or remedy obtained against such Owner."

**WHEREFORE,** the Association Defendant/Counter-Claimant prays for judgment against Plaintiffs/Counter-Defendants as follows:

      a.    That Plaintiff/Counter-Defendants' claims against the Association be denied, and that Plaintiff/Counter-Defendants be awarded no judgment or attorneys fees as a result;

      b.    That the Association be granted injunctive/declaratory relief declaring the Christmas fundraising program and its associated conditions to be a violation of the Declaration and enjoining its future operation;

c. That all holiday lights, decorations, equipment, and other articles associated with the program and maintained on the Property throughout the year be immediately removed and properly stored.

d. That, if Plaintiffs/Counter-Defendants fail to comply with the Court's order within ten (10) days, the Association be authorized to enter upon the Property, contract to bring the Property into compliance, and assess all costs to Defendant, and that the Sheriff of Kootenai County shall provide civil standby;

e. For the Association's reasonable attorneys' fees incurred herein and in connection with the collection of the Association's claim and enforcement of the Declaration;

f. For the Association's costs and disbursements incurred herein;

g. For post-judgment interest on the entire judgment, at the statutory rate for judgments in the State of Idaho;

h. That if the Association incurs post judgment attorneys' fees and costs in connection with the collection of its judgment, the Association shall be entitled to apply to the court for supplemental judgments for attorneys' fees and costs incurred in the collection of this matter; and

i. For such other relief as the Court deems just and equitable.

DATED this 13th day of September, 2017.

VIAL FOTHERINGHAM LLP

By: _____
Brindee Collins,
**Attorneys for Defendant/Counter-Claimant**

ANSWER AND COUNTER CLAIM