UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEREMY R. MORRIS, KRISTY MORRIS<br><br>Plaintiffs/Counter-Defendants,<br><br>v.<br><br>WEST HAYDEN ESTATES FIRST ADDITION HOMEOWNERS ASSOCIATION, INC., an Idaho Corporation,<br><br>Defendant/Counter-Claimant. | Case No. 2:17-cv-00018-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court is Plaintiffs/Counter-Defendants' Motion to Dismiss Counterclaim (Dkt. 28). For the reasons stated below, the Court will deny the motion.

## BACKGROUND

On January 13, 2017 Plaintiffs Jeremy and Kristy Morris filed a Complaint against the West Hayden Estates First Addition Homeowners' Association, Inc. ("HOA"), alleging religious discrimination in violation of the Fair Housing Act, 42 U.S.C. §§ 3604(b), 3604 (c), and 3617 ("FHA"). *Compl.* ¶1, Dkt. 1. Plaintiffs also brought the same claims under the Idaho Human Rights Act. *Id.* Plaintiffs Jeremy and Kristy Morris are Christian, and each year they host a Christmas fundraiser at their home. *Id.* at ¶ 10. Plaintiffs allege that the Defendant used disagreements over the Christmas fundraiser,

including allegations that the fundraiser violated the Declaration, as a pretext for ongoing intentional discrimination against Plaintiffs based on their Christian religion. *See id.* at ¶ 32-33.[1]

The Defendant moved to dismiss Plaintiffs' claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *Def's Mot. To Dismiss*, Dkt. 5. On August 24, 2017, the Court granted Defendant's Motion as to Plaintiffs' claims under the Idaho Human Rights Act and dismissed those claims without prejudice. *Mem. Dec. and Order*, Dkt. 18. The Court denied Defendant's motion as to Plaintiffs' claims under the FHA. *Id.*

The HOA filed an Answer to Plaintiffs' Complaint on September 13, 2017, and simultaneously filed a Counterclaim alleging that Plaintiffs were in violation of multiple provisions of the Declaration Establishing Covenants, Conditions, Restrictions and Easements for West Hayden Estates First Addition ("the Declaration"). *See Answer and Countercl.* at 11, Dkt. 19. Plaintiffs filed their Motion to Dismiss the Counterclaim (Dkt. 28) on October 2, 2017.

The HOA alleges that Plaintiffs purchased their home subject to the Declaration. *See Answer and Countercl.* at 12, Dkt. 19. The HOA further alleges that Plaintiffs violated the Declaration by (1) decorating the exterior of their home and lot without prior written consent by the HOA Board; (2) using their property for nonresidential purposes

---

[1] The facts underlying Plaintiffs' Complaint are laid out in detail in the Court's August 24, 2017 Decision and Order. *See Mem. Dec. and Order* at 1-3, Dkt. 18.

by holding their Christmas fundraiser on the property for "commercial purpose and effect;" (3) creating a nuisance due to excessive noise and traffic generated by the Plaintiffs' Christmas fundraiser; (4) displaying signs related to the Christmas program without written approval of the HOA Board; (5) maintaining their property in an "unsightly" condition by their failure to remove and store holiday lights and other items associated with the Christmas fundraiser throughout the year, and by storing and operating various equipment on their property during the days the fundraiser is taking place; (6) creating an unsafe and hazardous condition due to crowds and traffic generated by the Christmas fundraiser and by keeping a camel on the property during the fundraiser; and (8) installing 200,000 Christmas lights on their home and in their yard during the operation of the fundraiser, such that the lighting is "excessively bright" and not "restrained in design". *See id.* at 12-17. The Counterclaim cites specific provisions of the Declaration, which the HOA alleges Plaintiffs have breached, and seeks an injunction requiring Plaintiffs to immediately come into compliance and prohibiting future violations of the Declaration associated with the Christmas fundraiser. *Id.* at 17.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570.

The Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the court need not accept as true legal conclusions that are couched as factual allegations. *Id*. Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To state a plausible claim for relief, a party must show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. While there is no "probability requirement," the facts alleged must allow "the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Id.*

"[A]s a general rule, [courts] may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion." *Johnson v. Federal Home Loan Mortg. Corp.*, 793 F.3d 1005, 1008 (9th Cir. 2015). An exception may be made for "extrinsic evidence not attached to the complaint if the document's authenticity is not contested and the . . . complaint necessarily relies on it." *Id.*

## ANALYSIS

Here, the HOA has asserted a claim for injunctive relief to enforce the Declaration. Under Idaho law, courts "generally appl[y] the same rules of construction as any contract" when interpreting restrictive covenants. *D & M Country Estates Homeowners Ass'n v. Romriell*, 59 P.3d 965, 969 (Idaho 2002). Parties seeking to enforce a contract bear the "burden of proving the existence of the contract and fact of its breach." *Melaleuca, Inc. v. Foeller*, 318 P.3d 910, 914 (Idaho 2014); *see also Jacklin Land Co. v. Blue Dog RV, Inc.*, 254 P.3d 1238, 1245 (Idaho 2011) (finding that the mere breach of a restrictive covenant provides sufficient grounds for injunctive relief). Thus, to survive the motion to dismiss, the Counterclaim must allege sufficient facts to plausibly support the HOA's claim that Plaintiffs are subject to the Declaration and that a breach of the Declaration occurred. Based on its review of the Counterclaim and the facts alleged therein, the Court finds they have done so here.

Rather than argue that the facts alleged do not plausibly support the HOA's claims, Plaintiffs dispute whether those facts are true. Such arguments are inappropriate under Rule 12(b)(6), where the Court must accept the facts alleged by the claimants as true, and determine whether those facts plausibly support a claim for relief. *See Twombly*, 550 U.S. at 570.

Further, Plaintiffs rely extensively on evidence introduced in their briefing and exhibits to dispute the facts and legal inferences alleged in the Counterclaim. Plaintiffs acknowledge that this evidence was neither relied on by or referenced in the

Counterclaim, and as such it constitutes material beyond the pleadings. *See Pl.'s Reply* at 3, Dkt. 30; *Johnson*, 793 F.3d at 1008. As a general rule, the Court must exclude such evidence from consideration on a motion to dismiss. *Johnson*, 793 F.3d at 1008.

At most, Plaintiffs' motion raises a question of whether the Declaration is ambiguous, or "capable of more than one reasonable interpretation." *Romriell*, 59 P.3d at 970. Where a restrictive covenant is ambiguous, "interpretation is question of fact," such that determining its meaning requires the court to consider extrinsic evidence. *Id*. As the Court must exclude extrinsic evidence offered by Plaintiffs at this stage, *Johnson,* 793 F.3d at 1008, the only evidence in the record that goes to the construction of the Declaration is the Declaration itself. Absent the benefit of a fully developed record, the Court finds that the questions of interpretation and construction raised by Plaintiffs cannot be decided on a motion to dismiss. For these reasons, the Court will deny Plaintiffs' motion.

Plaintiffs separately object to the HOA's allegation that Plaintiffs left Christmas lights and other elements of the fundraiser in place throughout the year. Plaintiffs do not argue that these facts, if true, are insufficient to state a claim that Plaintiffs created an "unsightly" condition in violation of the Declaration. Instead, Plaintiffs argue that the allegations are demonstrably untrue and that defense counsel violated Rule 11 by failing to conduct a reasonable inquiry into their truthfulness. *See* Fed. R. Civ. P. 11(b)(3). To the extent that Plaintiffs move to dismiss the Counterclaim on these grounds, they must show that dismissal is warranted as a sanction for the alleged Rule 11 violation.

Under Rule 11, a motion for sanctions must be made separate from any other motion, and any sanctions imposed must be limited in nature "to that which suffices to deter repetition of the conduct." *Id.* at 11(c)(2), (4). Should Plaintiffs decide to pursue sanctions under Rule 11, they must do so by separate motion, and must demonstrate that the proposed sanctions are properly tailored to address the violations alleged.

Finally, to the extent Plaintiffs wish to amend their Complaint to add additional claims, *see Pl.'s Reply* at 9, Dkt. 30, they shall do so by separate motion. Under the Amended Case Management Order (Dkt. 17), the deadline to amend pleadings was June 12, 2017, to be extended only upon a showing of good cause. Motions to amend pleadings are governed by Fed. R. Civ. P. 15 and Dist. Idaho Loc. Civ. R. 15.1.

## ORDER

**IT IS ORDERED:**

1. Plaintiffs/Counter-Defendants' Motion to Dismiss Counterclaim (Dkt. 28) is **DENIED.**

DATED: January 3, 2018

B. Lynn Winmill
Chief Judge
United States District Court