UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MR. JEREMY MORRIS and MRS. KRISTY MORRIS,<br><br>Plaintiffs,<br><br>v.<br><br>WEST HAYDEN ESTATES FIRST ADDITION HOMEOWNERS ASSOCIATION, INC.,<br><br>Defendant. | Case No. 2:17-cv-00018-BLW<br><br>**ORDER** |

Following a conference with all counsel and the Court on October 5, 2018, the Court enters the following Pre-Trial order:

1. <u>Exhibits</u>: Counsel shall confer and attempt to reach a stipulation to the admission of as many exhibits as possible and submit a Joint Exhibit List on or before **October 10, 2018.** For those exhibits in dispute, the objecting party shall submit on or before **October 12, 2018,** a short statement describing why the exhibit is objectionable.

2. <u>Motions in Limine</u>: The Parties' motions in limine shall be due on or before **October 15, 2018.**

**ORDER - 1**

3. <u>Trial Schedule</u>: Jury selection shall begin on Monday, October 22, 2018, at 1:30 p.m. The taking of evidence shall be concluded on October 30, 2018. The Court notes that trial will not be held on Friday, October 26, 2018.

4. <u>Typical Trial Day</u>: Trial will be conducted from 8:30 am to 2:30 pm, with two breaks (about 15 to 20 minutes each) at about 10:30 am and 12:30 pm.

5. <u>Number of Jurors</u>: The Court will seat 7 jurors to try the case.

6. <u>Peremptory Challenges</u>: Under 28 U.S.C. § 1870, each party is entitled to three peremptory challenges.

7. <u>Voir Dire Jury Panel Size</u>: To pick a jury of 7 with 6 total peremptory challenges, the Court will originally seat 13 jurors for voir dire, with all remaining jurors to sit in the back of the courtroom to be called up if a juror is excused for cause.

8. <u>On-The-Clock</u>:

    a. The Court finds that a total of 25 hours of in-court time is a fair and reasonable amount of time to litigate this case. The Court's experience is that a typical trial day involves 5 hours of actual in-court time with the jury present. The 25-hour allocation will allow for 5 full trial days, which should be sufficient. The Court will split this time equally, and hence each side will have 12.5 hours to put on their case. The Court's staff will keep track of time and alert counsel at the end of each trial day how much time they have used. Time will not be deducted for voir dire, but will be

deducted for openings and closings, direct and cross examinations, and objections that are unsuccessful.

9. <u>Time Limits on Voir Dire</u>: Plaintiff and defendant will each get 20 minutes to do their own voir dire.

10. <u>*Batson* Issues & Voir Dire</u>: Preemptory strikes that exclude jurors based on race or gender violate the Equal Protection Clause. *See Batson v. Kentucky*, 476 U.S. 79 (1986) (race); *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127 (1994) (gender); Edmo*nson v. Leesville Concrete Co., Inc.,* 500 U.S. 614 (1991) (*Batson* extended to civil cases). While the Ninth Circuit does not appear to have extended *Batson* to strikes based on religion, courts in other jurisdictions have noted in dicta that while striking a juror for having a certain religious affiliation might violate the Equal Protection Clause, striking a jury for religious activity or belief would not. *U.S. v. Brown,* 352 F.3d 654, 669 (2d Cir. 2003); *U.S. v. DeJesus*, 347 F.3d 500, 511 (3d Cir. 2003). The Court cites this authority simply as background and is not making any ruling on *Batson* issues at this time. It is enough to say that *Batson's* application to strikes based on religious affiliation or activity appears to be an open question in the Ninth Circuit. Given the issues at stake in this case, some inquiry into religious activity and belief is necessary to ensure a fair and impartial jury. The Court will conduct that voir dire, and as discussed at the conference with counsel, will ask many of the questions proposed by counsel with perhaps some slight modifications. The Court will provide counsel with the Court's proposed voir

dire questions by **October 12, 2018.** The Court will also send to counsel proposed pre-voir dire jury instructions and pre-proof jury instructions by that same date.

11. Declaratory Judgment Verdict Form Questions: The Court is considering using the jury in an advisory capacity on the issues raised by the defendant's request for a declaratory judgment. Counsel shall submit to the Court on or before **October 12, 2018,** proposed questions for the jury to answer in the Special Verdict Form concerning the declaratory judgment issue.

12. Opening Statements: The Court will not put restrictions on counsel but simply notes the marked drop-off in juror attention spans after listening to about 20 minutes of an opening statement. The Court requests that counsel notify the Court if either party expects opening statements to exceed 60 minutes.

13. Trial Procedures:

    a. During trial, the jury will be in the box hearing testimony the entire trial day between 8:30 a.m and 2:30 p.m., except for the standard fifteen to twenty minute recesses.

    b. During the time the jury is in the jury box, no argument, beyond one sentence evidentiary objections, shall be allowed to interrupt the flow of testimony. If somewhat more extensive argument is needed, the Court may call for a sidebar. If the matter cannot be resolved at sidebar, counsel will be directed to avoid the objectionable subject and continue on a different

line of questioning so that the objection can be argued and resolved at another time, either after 2:30 p.m or before 8:30 a.m.

   c. Counsel shall have enough witnesses ready to ensure a full day of testimony. If witnesses are unavoidably delayed, counsel shall promptly notify the court and opposing counsel.

14. Notice of Next-Day Witnesses: The parties agree that witnesses will be identified as to when they will testify 36 hours in advance, including a list of any demonstrative exhibits to be used by said witnesses.

15. Examination & Objections

   a. When you announce the name of your witness, the Court or the clerk will summon them forward to be sworn, the clerk will administer the oath and, after the witness is seated, ask the witness to state their name and spell their last name for the record. I will then indicate to counsel that they may inquire of the witness.

   b. Please do not address parties or witnesses (including your own) by her or his first name unless such familiarity is clearly appropriate, and is not likely to be offensive to the witness or any juror.

   c. In case of doubt, don't.

   d. Your clients and your witnesses should be instructed that they should always refer to you and opposing counsel by their last names.

   e. Objections and motions before the jury should be very spare.

         i. <u>Examples of improper objections</u>: "I object to that question, Your Honor, because I am sure that Charlie Witness didn't read that document very carefully before he signed it"; or, "I object, Your Honor, because Charlene Witness has already testified that she can't remember".

  f. Obviously these "speaking objections" would suggest an answer.

  g. While bench conferences can be distracting and are discouraged, they are preferable to statements such as those cited above. Almost all objections should be stated in one to three words ("hearsay", "asked & answered", "irrelevant", etc.).

  h. I **never** send the jury out of the courtroom to hear arguments of counsel. If necessary, but only if necessary, counsel can raise an issue at a sidebar conference. However, even those interruptions in the flow of the evidence will only be permitted if absolutely necessary.

16. <u>Jurors</u>: You are responsible to advise your clients, your witnesses and everyone associated with your client to avoid **all** contact with the jurors. This prohibition includes seemingly innocuous behavior like riding on an elevator with a juror, saying hello to a juror, or even acknowledging the juror's presence.

17. <u>Jury Instruction Conferences</u>: I try to conduct at least 2 or 3 informal jury instruction conferences off the record to try and resolve most differences by agreement. Those sessions will be held at the end of the trial day and may stretch into the evening. At the end of those sessions, we will have refined the

issues of contention so that I can give you a set of my final instructions and you can state your objections on the record.

DATED: October 5, 2018

B. Lynn Winmill
Chief U.S. District Court Judge